IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAREN ROGERS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 3:15-CV-961-N (BT) |
| | § | |
| LINDA SORRELLS and | § | |
| DONALD W. HILL, | § | |
| | § | |
| Defendants. | § | |

### **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Plaintiff Karen Rogers, proceeding *pro se*, filed this civil action on March 27, 2015. *See* Compl. [ECF No. 3]. Defendants Linda Sorrells[1] and Donald W. Hill filed separate answers on June 30, 2015 and July 1, 2015, respectively. *See* Answers [ECF Nos. 12 & 14]. The Court issued a Scheduling Order [ECF No. 19] on December 14, 2015, and when the Scheduling Order was returned to the Court as undeliverable because Plaintiff moved and did not update her address correctly, the Court entered an Amended Scheduling Order [ECF No. 22] on February 22, 2016. The

---

[1] The answer filed by Defendant Linda Sorrells indicates that Plaintiff misspelled Defendant's last name in her original Complaint. *See* Answer [ECF No. 12].

Amended Scheduling Order required the parties to complete discovery by September 16, 2016, and file dispositive motions no later than November 18, 2016. None of the parties filed a dispositive motion by the deadline set forth in the Amended Scheduling Order. In fact, there has been no activity by the parties in this case since May 10, 2016, when Plaintiff filed her "Response to Defendants' Motion for Summary Judgment" [ECF No. 24]. Plaintiff's "Response" asked the Court to deny Defendants' Motion for Summary Judgment, although no such motion was ever filed. Plaintiff's "Response" did not seek any affirmative relief. Further, the Court has been notified, by activity in another case pending in a different district court that Defendant Donald W. Hill died on May 13, 2017. *See* 2/8/2018 Clerk's Notice (stating that in 3:07-CR-289-M, *USA v. Don W. Hill,* the US Probation Office notified the Court in the Report on Offender Under Supervision [ECF No. 1940] that Don W. Hill died on May 13, 2017).

      This case has been pending for almost three years, and it has failed to proceed beyond the most preliminary stages. The docket does not reflect that the parties have engaged in discovery, or taken any other action to move this case to trial. The deadline for filing dispositive motions expired more than fourteen months ago. Defendant Donald W. Hill died

2

approximately nine months ago, and his death will almost certainly complicate any efforts to conduct discovery and dispose of this case on the merits. Plaintiff, as the party who initiated this litigation, is primarily responsible for the progress of this case. She has failed to diligently prosecute her claims.

In view of these circumstances, on February 8, 2018, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Plaintiff was ordered to file a written response to the Court's Show Cause Order by February 22, 2018. *See* Order 3 [ECF No. 26]. Plaintiff was advised that unless she demonstrates good cause for failing to advance this litigation, the Court intends to recommend to the District Court that this action be dismissed. *See* Order 4. Plaintiff failed to file the written response as ordered.

"A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b)." *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); FED. R. CIV. P. 41(b)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d

3

399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). The dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880 (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981)).

Upon consideration of the foregoing, the undersigned recommends that the District Court DISMISS this case without prejudice for Plaintiff's failure to prosecute.

**SO RECOMMENDED**.

February 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).